IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Shukeitha Jackson, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| AbbVie, | ) No. 23-cv-3747 ) |
| Defendant. | ) ) ) ) ) |

**DEFENDANT ABBVIE'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS**

All of Plaintiff's claims against Defendant, AbbVie Inc. ("AbbVie"), are time-barred and must be dismissed. Plaintiff asserts claims for discrimination on the basis of color and race and retaliation under both Title VII of the Civil Rights Act ("Title VII") and 42 U.S.C. § 1981 ("§ 1981"). Each of these claims is time-barred. Accordingly, AbbVie respectfully moves for the dismissal of Plaintiff's claims with prejudice pursuant to Federal Rule of Civil Procedure 12(B)(6) (the "Motion"). In support thereof, AbbVie states as follows:

I.     **FACTUAL AND PROCEDURAL BACKGROUND**

In 2018 and 2020, Plaintiff cross-filed two charges of discrimination with the Illinois Department of Human Rights ("IDHR") and the Equal Employment Opportunity Commission ("EEOC") against AbbVie – IDHR Charge 2019CF0386/EEOC Charge No. 21BA81906 ("Charge I") and IDHR No. 2019CF3213/EEOC No. 21B-2020-01094 ("Charge II"), respectively. Both charges are based on the same alleged wrongful conduct – namely that between May 2018 and July 2018, AbbVie harassed Plaintiff based on her race, retaliated against her for

complaining about the same, and discriminated against her when it discharged her employment. *Compare* Charge I and Charge II, attached hereto as **Group Exhibit A**.[1]

Plaintiff received a right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC") with respect to Charge II on June 6, 2022. *See* ECF #9 at p. 7. Plaintiff had elected to pursue her remedies with respect to Charge I by filing a complaint before the Illinois Human Rights Commission (the "Commission"). On August 23, 2022, the Commission dismissed Plaintiff's complaint for want of prosecution when it adopted the findings of the administrative law judge who found that Plaintiff:

> has [] done nothing to materially advance her case over the past two years and has on three (3) separate occasions neglected to meet court-ordered deadlines that she requested and received over Respondent's objections. These dilatory tactics and corresponding failures to comply with the orders of this administrative court have resulted in Complainant producing no discovery whatsoever in this matter to date. In fact, Complainant has not even attempted to provide a substantive response to any discovery request served by Respondent. Accordingly, because I find that her refusal to meaningfully participate in this case is both strategic and intentional, I am recommending that the Illinois Human Rights Commission (the "Commission") grant Respondent's motion to dismiss this case and the underlying charge of discrimination with prejudice[.]

---

[1] Court's may rely upon EEOC charges and EEOC right-to-sue letter when ruling on a 12(b)(6) motion to dismiss without converting the motion to a Rule 56 motion for summary judgment. *Adams v. City of Indianapolis*, 742 F.3d 720, 729 (7th Cir. 2002) ("The EEOC charges were deemed incorporated into the plaintiffs' pleadings, and the court could consider them without converting the motion on the pleadings into a motion for summary judgment").

*See* Recommended Order and Decision at 1 (attached hereto with a copy of the Commission's Order and Decision adopting the Recommended Order and Decision as **Group Exhibit B**).[2] The EEOC then issued a right-to-sue letter *vis a vis* Charge I on June 10, 2023. *See* ECF No. 7 at 2.

On June 13, 2023, nine months after receiving the EEOC's first right-to-sue letter, Plaintiff filed her Complaint of Employment Discrimination (the "Complaint") with this Court. *See* ECF No. 9. After Plaintiff received the Court's permission to proceed *in forma pauperis* (*see* ECF No. 8), the Complaint was deemed filed on August 30, 2023.[3]

### II. ARGUMENT

Each of Plaintiff's claims is time-barred. Plaintiff was required to file her Title VII-based claims no later than 90 days after the EEOC issued its first right-to-sue letter – she failed to do so. Plaintiff's receipt of a second right-to-sue letter does not excuse her non-compliance with the 90-day requirement as a matter of law. With respect to her § 1981 claims, Plaintiff had four years to file her claims against AbbVie – she waited five years. In sum, all of her claims are now expired, and this Court must dismiss them with prejudice.

**A. Plaintiff's Title VII Claims are Time Barred**

The Court must dismiss Plaintiff's Title VII claims because she did not file her complaint within 90 days of receiving her first right-to-sue letter. Under Title VII, a "plaintiff must

---

[2] The Commission's rulings are matters of public record, of which the Court can take judicial notice without converting as 12(b)(6) motion into a motion for summary judgment. *Howard v. Proviso Twp. High Sch., et al.*, No. 21-cv-3573, 2022 WL 1185351, at fn 2 (N.D. Ill. Apr. 21, 2022) (taking judicial notice of the Commissions rulings when considering a 12(b)(6) motion).

[3] Pursuant to Local Rule 3.3(d), this Motion assumes the date of the clerk's receipt of the Complaint (June 13, 2023) as the date Plaintiff filed her Complaint.

file an action for race discrimination within 90 days of receiving a right-to-sue letter." *Velasco v. Illinois Dept. of Human Serv.*, 246 F.3d 1010, 1018 (7th Cir. 2001). This Court acknowledged that deadline in its order granting Plaintiff's motion to proceed *in forma pauperis*. *See* ECF No. 8 (granting *in forma pauperis* status but noting that "[o]nce the EEOC issues its right-to-sue letter at the end of its investigation of the charge, the plaintiff must then file their civil lawsuit within 90 days. Plaintiff has filed two right-to-sue letters.") (internal citations omitted). Here, Plaintiff failed to meet the 90-day deadline.

Plaintiff's 90-day clock began to run on September 6, 2022, when the EEOC issued its right-to-sue letter for Charge II. *See* ECF No. 9 at 7. Accordingly, Plaintiff had until December 5, 2022, to file her Title VII claims against AbbVie. Plaintiff's Complaint, however, was not filed until June 13, 2023.

        *i.*    **The subsequently issued right-to-sue letter for Charge I does not save Plaintiff's untimely Title VII claims.**

The EEOC's right-to-sue letter for Charge I does not revive Plaintiff's time-barred Title VII claims. The only relevant right-to-sue letter for analyzing the timeliness of Plaintiff's lawsuit is the first letter issued on September 6, 2022. *See Avet v. Dart*, 21-CV-2354, 2022 WL 2982109, at *5 (N.D. Ill. July 28, 2022). In *Avet*, a plaintiff claiming racial discrimination filed two substantively similar charges with the EEOC. *See id*. at *1. The EEOC issued one right-to-sue letter in 2019, and then a second letter in 2021. *See id*. The Plaintiff then filed suit 89 days after the second right-to-sue letter. *See id*. The defendants moved to dismiss under Rule 12(B)(6), in part due to this untimeliness, and the court granted the motion. *See id*. The Court noted, "[Plaintiff's] complaint confirms that he filed suit too late." *Id*. at *5. Indeed, the court went into even more detail, remarking that "receiving a second right to sue letter about an expired claim

-4-

cannot bring it back to life, []. For that reason, courts often dismiss complaints based on expired right to sue letters, even when a plaintiff has a later-in-time letter, too." *Id*. at *6.

In *Avet*, the plaintiff argued that the confusion over multiple right-to-sue letters should trigger equitable tolling of the 90-day filing deadline. *See id*. at * 7. The court rejected that argument because there was nothing that "prevented him from going to the federal courthouse in a timely manner. The EEOC never told him that he didn't have to file suit within 90 days of receiving Right to Sue Letter #1." *Id*.

Similarly, in, *Mitchell v. Elec. Sys., Inc.*, a Title VII plaintiff "filed within 90 days after an EEOC August 29, 1996 right-to-sue letter, [but] had failed to assert his Title VII and ADEA claims within 90 days after an *earlier* (May 31, 1996) right-to-sue letter that EEOC had issued." 96 C 7883, 1997 WL 321763, at *1 (N.D. Ill. June 10, 1997) (emphasis in original). In reviewing the complaint for timeliness, the court adopted the rational of the Second Circuit on this exact question, which is "that whether the present action is time barred must be determined with reference to only the first Notice of Right to Sue. Otherwise, the time limitations of 42 U.S.C. § 2000e–5(f)(1) would be meaningless, because potential Title VII plaintiffs could evade those requirements simply by seeking additional Notices to Right to Sue whenever they pleased." *Id*. at *2 (citing *Soso Liang Lo v. Pan Am World Airways. Inc.*, 787 F.2d 827, 828 (2d Cir.1986)). Ultimately, due to the plaintiff's failure to file within 90 days of the *first* right-to-sue letter, the court dismissed the Title VII claims. *See Mitchell v. Elec. Sys., Inc.*, 96 C 7883, 1997 WL 403706, at *1 (N.D. Ill. July 15, 1997).

The same outcomes that occurred in *Avet* and *Mitchell* are warranted here. As such, Plaintiff's expired Title VII claims against AbbVie must be dismissed with prejudice.

B.  **Plaintiff's Section 1981 Claims Are Time-Barred.**

Like her Title VII claims, Plaintiff's § 1981 claims are also time-barred. The statute of limitations on § 1981 claims is four years from the date of the alleged conduct giving rise to the claims. *See Dandy v. United Parcel Serv., Inc.,* 388 F.3d 263, 269 (7th Cir. 2004). In this case, the latest possible date that could start the clock on Plaintiff's statute of limitations is the date that Plaintiff alleges that AbbVie wrongfully terminated her – July 31, 2018. *See* ECF No. 5 at 2. Accordingly, the latest possible date for filing a § 1981 claims was July 31, 2022. As a result, even in the light most generous to Plaintiff, her § 1981 claims were filed nearly 11 months too late. Therefore, Plaintiff's § 1981 claims should be dismissed with prejudice.

### i.  *Equitable tolling cannot apply to save Plaintiff's claim.*

To the extent that prosecuting Plaintiff's state-law discrimination claims before the Commission could equitably toll the statute of limitations on Plaintiff's §1981 claims, such an argument would be inapplicable here. Specifically, Plaintiff cannot use the administrative proceedings as the mechanism to equitably toll the statute of limitations on her § 1981 claims when her state-law claims were dismissed for want of prosecution. To benefit from equitable tolling, "Plaintiff must show that: (1) [s]he has been pursuing [her] rights diligently; and (2) some 'extraordinary circumstance' beyond [her] control prevented [her] from timely filing [her] claim." *Johnson v. Soo Line R.R. Co.*, 17-CV-7828, 2022 WL 540758, at *9 (N.D. Ill. Feb. 23, 2022), reconsideration denied, 17-CV-7828, 2023 WL 199338 (N.D. Ill. Jan. 17, 2023) (granting summary judgment to Defendant on Plaintiff's time-barred Title VII claims.). Importantly, both prongs are required. *See id*. Here, however, Plaintiff has not—and cannot—show either one.

Plaintiff failed to participate in her own case for over two years when she brought it before the Commission. The Commission dismissed her action for want of prosecution. Indeed,

-6-

the Commission even went as far as to adopt a finding that "her refusal to meaningfully participate in this case is both strategic and intentional[,]" and just as this Court should do, the Commission dismissed the action *with prejudice*. **Group Exhibit B** at 3. It would not be "equitable" to toll Plaintiff's deadlines when Plaintiff employed what the Commission called "dilatory tactics." *Id*. *See also Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co.*, 324 U.S. 806, 815 (1945) (remarking that principles of equity give courts a wide range of discretion in refusing to aid litigants with unclean hands.). Thus, Plaintiff cannot now claim that the administrative proceedings equitably toll the filing of her § 1981 claims – Plaintiff lacked diligence during those proceedings and no extraordinary circumstances cure her inertia.

### IV.    CONCLUSION

All of Plaintiff's claims are time-barred. Plaintiff's Title VII claims are time-barred because she failed to file them within 90 days of the EEOC's right-to-sue letter on Charge II. Plaintiff's § 1981 claims are time-barred because Plaintiff allowed the statute of limitations to expire, and her unclean hands in refusing to prosecute state-court claims before the Commission render her ineligible for the protection of equitable tolling. Because this tardiness forecloses her from pursuing these claims, the claims must be dismissed. Moreover, since no amendment could possibly resolve her tardiness, dismissal should be ordered with prejudice.

Dated: December 12, 2023

        Respectfully submitted,

        ABBVIE,

        By  /s/ *Jon E. Klinghoffer*_____

          One of Its Attorneys

Jon E. Klinghoffer
Benjamin W. Chertok
GOLDBERG KOHN LTD.
55 East Monroe Street, Suite 3300
Chicago, Illinois  60603
(312) 201-4000
jon.klinghoffer@goldbergkohn.com
benjamin.chertok@goldbergkohn.com

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned, an attorney, certifies that on December 12, 2023, he caused a true and correct copy of the foregoing DEFENDANT ABBVIE'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS to be served by causing true and correct copies thereof to be served by electronic mail at Plaintiff's email address below, and by first class mail, postage prepaid, and deposited in the United States mail chute at 55 East Monroe Street, Chicago, Illinois 60603 and addressed to:

>Shukeitha Jackson
>523 Helmholz Ave.
>Waukegan, IL 60085

/s/ *Jon E. Klinghoffer*