IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SHUKEITHA JACKSON,

Plaintiff,

v.

ABBVIE INC.,

Defendant.

Case No. 23-cv-03747

Judge Mary M. Rowland

## ORDER

Plaintiff Shukeitha Jackson brings this *pro se* lawsuit against Defendant AbbVie, Inc. [1]; [9]. Jackson has filed suit under Title VII of the Civil Rights Act of 1964 and 42 U.S.C §1981. *Id*. at 3-4. Before the Court is Defendant's motion to dismiss under F.R.C.P. 12(b)(6) for failure to state a claim. [15].

## BACKGROUND

Jackson initially filed two separate charges of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Illinois Department of Human Rights ("IDHR"). [16-1]. Jackson's charges are based on the same alleged conduct that occurred between May 2018 and July 2018. *Id*. On September 18, 2018, Jackson filed her first Charge of discrimination with the IDHR and the EEOC ("Charge I"). In Charge I, Jackson alleged three counts: 1 count of harassment, and 2 counts of retaliatory discharge. *Id*. at 2-3. Jackson alleged that AbbVie, Inc. ("AbbVie") failed to stop racial harassment by a co-worker. *Id*. at 3. Jackson further alleged that AbbVie retaliated against her when it discharged her employment

1

because she complained about the racial harassment. *Id*. at 4. Jackson stated that her job performance was similar to that of non-black employees who were not discharged, and her manager told her she was being terminated because "it was not working out." *Id*. Charge I states the cause of discrimination as "Race Retaliation". *Id*. at 2.

On June 22, 2020, Jackson filed a second charge with the IDHR and the EEOC ("Charge II"). *Id*. at 5. Jackson alleged four claims in total: two claims of racial harassment and two claims of unlawful discharge. *Id*. In the second charge, she added more facts than in the initial charge, including details about the specifics of the harassment. *Id*. Jackson further stated the racial harassment "created a hostile [,] intimidating and offensive workplace". *Id*. at 6-7. Jackson's unlawful discharge claims included: one based on race, and one based on retaliation. *Id*. Charge II again states the cause of discrimination as "Race Retaliation". *Id*. at 5.

Because Jackson filed two different charges with the EEOC, the agency assigned Jackson two different case numbers. *See id*. With respect to Charge I, the EEOC issued a right to sue letter to Jackson on September 6, 2022. [9] at 7. Prior to that, however, Jackson elected to pursue her remedies with respect to Charge I by filing a complaint before the Illinois Human Rights Commission ("IHRC") on September 14, 2020. [16] at 2. The IHRC dismissed Jackon's complaint (Charge I) almost two years later, on August 23, 2022, for want of prosecution. *Id*. In its decision, the IHRC found Jackson: "ha[d] [] done nothing to materially advance her case over the past two years and has on three (3) separate occasions neglected to meet court-

ordered deadlines that she requested and received over Respondent's objections." It found that "these dilatory tactics and corresponding failures to comply with the orders of this administrative court have resulted in [Jackson] producing no discovery whatsoever in this matter to date." *Id*. The court further found that Jackson did not even attempt to provide a substantive response to "any discovery request served by Respondent." The court thus held that her "refusal to participate in the case [was] both *strategic and intentional*" and dismissed the case with prejudice. (emphasis added) *Id*.

On June 10, 2023, Jackson received an additional right to sue letter from the EEOC regarding Charge II. [16] at 3. Nine months after receiving the initial right to sue letter, Jackson relied on it to file her complaint in this Court on June 13, 2023. [1]. In her complaint, Jackson states that the facts supporting her claims of discrimination are "Substantial Evidence for: Racial Harassment – Count I, Racial Discrimination – Count II, and Racial Retaliation – Count III". [1] at 5. After receiving this Court's permission to proceed *in forma pauperis*, the complaint was deemed filed on August 30, 2023. [8].

AbbVie timely filed the present motion to dismiss for failure to state a claim under Rule 12(b)(6). [15].

## **STANDARD**

A motion to dismiss tests the sufficiency of a claim, not the merits of the case. *Gociman v. Loyola Univ. of Chi.*, 41 F.4th 873, 881 (7th Cir. 2022); *Gunn v. Cont'l Cas. Co.*, 968 F.3d 802, 806 (7th Cir. 2020). To survive a motion to dismiss under Rule

3

12(b)(6), the claim "must provide enough factual information to state a claim to relief that is plausible on its face and raise a right to relief above the speculative level." *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018) (quoting *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014)); *see also* Fed. R. Civ. P. 8(a)(2) (requiring a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief"). A court deciding a Rule 12(b)(6) motion accepts the well-pleaded factual allegations as true and draws all reasonable inferences in the pleading party's favor. *Lax v. Mayorkas*, 20 F.4th 1178, 1181 (7th Cir. 2021).

Dismissal for failure to state a claim is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Deciding the plausibility of the claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 586-87 (7th Cir. 2021) (quoting *W. Bend Mut. Ins. Co. v. Schumacher*, 844 F.3d 670, 676 (7th Cir. 2016)). Although *pro se* complaints are held to a less stringent standard, they are not excused from meeting the basic requirements of the federal rules. *Killebrew v. St. Vincent Health*, 295 Fed. App'x 808, 810 (7th Cir. 2008).

## DISCUSSION

AbbVie argues that Jackson's Title VII and 42 U.S.C §1981 claims are time barred. Specifically, Jackson's Title VII claims are time-barred because she failed to file her complaint within 90 days of receiving her first right-to-sue letter. [15] at 2.

4

AbbVie further argues that Jackson's § 1981 claims are based on alleged conduct that ended in July 2018 and are thus barred by § 1981's four-year statute of limitation. *Id.* In her one-page response, Jackson argues that her Title VII claims are not time barred because she filed within "90 days of receiving the second right-to-sue letter issued by the Equal Employment Opportunity Commission dated June 10, 2023." [23] at 1. Jackson further argues that her § 1981 claims are not time barred because "the four-year statute of limitations begins after exhaustion of administrative remedies." *Id.* The Court agrees with AbbVie.

A.   *Jackson's Title VII claims are time-barred.*

A plaintiff must file her Title VII complaint within 90 days of receiving a right-to-sue letter from the EEOC. 42 U.S.C. § 2000E–5 (F)(1); *see also Velasco v. Illinois Dept. of Human Serv.*, 246 F.3d 1010, 1018 (7th Cir. 2001) ("[A] plaintiff must file an action for race discrimination within 90 days of receiving a right-to-sue letter") (internal citation omitted).   If multiple charges are filed and the charges are substantively the same, the first right-to-sue letter controls. *See Avet v. Dart*, 2022 WL 2982109, at *4-6 (N.D.Ill., 2022) (finding the plaintiff filed their federal complaint too late because Charge 1 and Charge 2 are the same). Complaints are time barred even when *pro se* litigants have received multiple right-to-sue letters on different dates. *MacGregor v. DePaul University*, 2010 WL 4167965, at *3 (N.D.Ill. 2010) (citing *Abdullah v. Prada U.S. Corp.*, 520 F.3d 710, 713 (7th Cir. 2008). Courts can grant rare equitable tolling exceptions to the 90-day limitation if the plaintiff has made a "good faith error" or "has been prevented in some extraordinary way from filing his

complaint in time." *MacGregor*, 2010 WL 4167965, at *3 (quoting *Jones v. Madison Service Corp.*, 744 F.2d 1309, 1314 (7th Cir. 1984).

Here, Jackson received the first right-to-sue letter on September 6, 2022. Despite this, she did not file her federal complaint until June 13, 2023, nine months later and well after the 90-day deadline. Although Jackson filed a second charge and received that letter later, it was substantively the same allegations she alleged in Charge I, and it is well established that "[a] claimant cannot resuscitate an expired claim by submitting it a second time." *Avet*, 2022 WL 2982109 at *6 (collecting cases). Her second right-to-sue letter could not revive the expired claim—she was required to file suit by **November 6, 2022**, and failed to do so.

Jackson failed to argue that her claims should be equitably tolled, waiving the issue. Nevertheless, the Court does not find she has made a good faith error or was prevented from filing a timely complaint. Indeed, the IHRC explicitly found that Jackson was dilatory and strategic in failing to prosecute her case previously. In sum, because Jackson's claims are substantively the same and she failed to file a complaint within 90 days of receiving the first right-to-sue letter, Jackson's Title VII claims are time barred.[1]

### B.    *Jackson's § 1981 claims are time-barred.*

§1981 claims have a four-year statute of limitations from the date of the alleged conduct. 28 U.S.C. § 1658. Unlike Title VII claims, §1981 claims *do not* have an

---

[1] Jackson failed to allege any facts to put AbbVie on notice of the allegations against it. Jackson has not described who discriminated against her, when it happened, on how many occasions, or provided any facts to support her claims. She has failed to meet the basic pleading requirements under the Rules. The Court dismisses the case on this basis as well.

administrative exhaustion requirement. *Williams v. Cnty. Of Cook*, 969 F. Supp. 2d 1068, 1080 (N.D. Ill. 2013) ("[u]nlike Title VII claims, § 1981 and § 1983 claims do not require the plaintiff to first exhaust administrative remedies before bringing a suit in federal court.").

Here, Jackson alleges that AbbVie wrongfully terminated her on July 31, 2018. [5] at 2. Jackson therefore had until **July 31, 2022**, four years later, to file suit. Jackson failed to do so by the deadline, instead filing suit on June 13, 2023, nearly a year after she was required to. Because Jackson failed to file within the four-year statute of limitation, her §1981 claims are similarly time barred.

Jackson's reliance on *Johnson v. Rivera*, 272 F.3d 519 (7th Cir. 2001) is misplaced and inapplicable. There, the prisoner plaintiff was required to exhaust an administrative grievance process prior to filing suit under the Prisoner Litigation Reform Act ("PLRA"). *Id.* at 522. Under §1981, unlike the PLRA, plaintiffs do not have an exhaustion requirement. Further, the Supreme Court has held that the EEOC's exhaustion requirement does not toll the statute of limitations for Title VII claims (where exhaustion *is* required). *See Johnson v. Ry. Express Agency, Inc.*, 421 U.S. 454, 464-466 (1975). Jackson could have, and indeed was required to, bring suit during the four-year period.

Normally, a district court dismisses an original complaint *without* prejudice to allow a plaintiff an opportunity to cure deficiencies in the original pleading. *See Donald v. Cook County Sheriff's Department*, 95 F.3d 548, 555 (7th Cir. 1996) (district courts are to allow a *pro se* plaintiff ample opportunity to amend the complaint when

it appears the plaintiff can state a meritorious claim). However, Jackson's claims are time barred, and she cannot cure this deficiency. Further, Jackson's case was previously dismissed by the IHRC because of her "dilatory tactics". Here, the procedural deficiencies, coupled with Jackson's previous opportunity to litigate the case, convince the Court that any leave to amend would be futile. The Court therefore dismisses Jackson's complaint with prejudice.

## **CONLUSION**

For the reasons stated herein, the Court grants Defendant's motion to dismiss. [15]. Plaintiff's complaint is dismissed with prejudice. Civil case terminated.

E N T E R:

Dated: July 2, 2024

_____
MARY M. ROWLAND
United States District Judge

8